## J. E. UNDERWOOD v. W. M.. AINSWORTH.

1. HUSBAND AND WIFE. *Lease between. Recording.* Code 1892, §§ 2293, 2294.

    Section 2294, code 1892, providing that no transfer of lands or chattels between husband and wife shall be valid as to third persons, unless the conveyance be in writing and recorded, applies only to *transfers* of property. It does not include a lease of land between husband and wife; this is regulated by § 2293 of the code, under which the lease, though not recorded, is good as to persons who have notice of the same.

2. SAME. *Lease between husband and wife. Validity. Notice.* Code 1892, §§ 2293, 2294.

    Under §§ 2293, 2294, code 1892, if one who takes a trust-deed from the husband covering the crops grown on land leased by him, has actual notice that the wife has subleased a part of the land, though by parol, the trust-deed will not affect the crop of the wife grown on the subleased land.

3. NEW TRIAL. *Surprise. Diligence.*

    A motion for a new trial, on the ground of surprise, will not be granted merely on the showing that a witness for the opposite side has testified to important facts not previously disclosed and not alluded to in his testimony on a former trial, he not being questioned as to the discrepancy, and there being no effort to impeach or contradict him by proof that he had not delivered the same testimony as on the former trial.

FROM the circuit court of Copiah county.

HON. J. B. CHRISMAN, Judge.

Replevin by appellant, as trustee, against appellee for a lot of corn. Judgment for defendant. Motion for new trial overruled. Plaintiff appeals. The opinion contains a further statement of the case.

*R. N. Miller* and *H. T. Millsaps*, for appellant.

On the trial, over plaintiff's objection, the husband was permitted to testify that Davis, Ellis & Co. not only had knowledge of the verbal sublease by the wife, but had suggested that she

give the trust-deed to Ainsworth to secure a debt she owed him. A distinction was drawn between knowledge on the part of Davis, Ellis & Co. and the fact that they suggested giving the trust-deed to Ainsworth. This was error. Without reference to the statute fixing the rule of evidence, the distinction drawn by the court has no merit, for the trust-deed given to Ainsworth was for a pre-existing debt. Ainsworth parted with no new consideration, and Davis, Ellis & Co. received nothing. Therefore, the waiver by the latter was without consideration and void.

Section 2294, code 1892, makes all verbal contracts, such as the one relied on in this case, void. They cannot be created either directly or by estoppel. *Montgomery* v. *Scott*, 61 Miss., 409; *Arnold* v. *Elkins*, 67 *Ib.*, 675.

The case was forced to trial in the absence of plaintiff's witnesses, and hence the statement of Brown is not controverted, as it could have been. We submit that the judgment should be reversed.

*George S. Dodds*, for appellee.

This case is easily distinguishable from *Montgomery* v. *Scott*, *supra*, and *Arnold* v. *Elkins*, *Ib.* In each of those cases the wife was endeavoring to establish her right to property through a transfer from the husband not made according to the requirements of the statute. The statute fixes the rule of evidence by which such transfers are to be established. . This case rests on different grounds. Davis, Ellis & Co. knew that Brown's wife had cultivated a part of the land rented by her husband from Millsaps.

It makes no difference whether the sublease to the wife was valid or not, the title to the corn became absolute in Ainsworth on delivery to him.

The conduct of Davis, Ellis & Co. in advising Brown to have his wife give the trust-deed to Ainsworth was a waiver of their rights as to that part of the crop. They are estopped to assert any claim thereto.

COOPER,. C. J., delivered the opinion of the court.

One Brown was the lessee of a tract of land, and executed a deed of trust on the crops to be grown thereon during the year 1893, to the appellant as trustee, to secure a debt due to Davis, Ellis & Co. The wife of Brown subleased from him, as he says, a part of the land, and gave a deed of trust on the crops to be grown thereon to secure a debt she owed to the appellee. Under this deed, the appellee has possession of the corn in controversy, which was grown on the land sublet to the wife. On the trial, the plaintiff having made a *prima facie* case, the defendant put Brown upon the stand as a witness, and offered to prove by him the fact that he had sublet a part of the land to his wife. The plaintiff objected to the introduction of this evidence, because it was an effort to prove by parol a contract between husband and wife, in violation of § 2294, code 1892, which declares that "a transfer or conveyance of goods and chattels or lands between husband and wife shall not be valid as against any third person, unless the transfer or conveyance be in writing, and acknowledged and filed for record as a mortgage or deed of trust is required to be; and possession of the property shall not be equivalent to filing the writing for record; but, to affect third persons, the writing must be filed for record." The court sustained the plaintiff's objection, and "the defendant thereupon stated that Davis, Ellis & Co. were estopped to deny this lease, because they would show by this witness that, at the instance of Davis, Ellis & Co., the witness' wife had made to the defendant, Ainsworth, a deed of trust on this corn, and had, by the arrangement, secured a certain horse." The court thereupon admitted the testimony, and the witness stated, in substance, that he, the witness, had bought a horse from the defendant for $110, of which sum he had paid $50; that defendant, in the beginning of the year, was pressing witness for the balance due, and threatened proceedings against witness unless the debt should be secured; that witness went to Davis, Ellis & Co., who were his merchants,

and explained his situation to them, and requested them to ad-
vance the money to pay the debt due to the defendant.    This
they declined to do, but suggested to him that his wife should
give defendant a deed of trust on the crop to be grown on the
land she had leased from witness.    On this testimony the court
gave the general charge for the defendant.

On motion for a new trial, upon the ground that plaintiff
had been surprised by the testimony of the witness, Brown, af-
fidavits were read to the effect that the witness had testified in
the trial of the cause in the magistrate's court, and had not
then said anything of the facts of which he had spoken on the
trial in the circuit court.    Mr. Davis, of the firm of Davis,
Ellis & Co., made affidavit that the statements made by the
witness were not true, and Millsaps, the owner of the land,
also made affidavit that he was present at the time, and that
nothing had been said by Brown to Davis, Ellis & Co., or by
that firm to Brown, in reference to the wife giving a deed of
trust on her crops to secure Ainsworth.    In Davis' affidavit he
says that he had never heard of the alleged conversation re-
ferred to by the witness, Brown, "until the case was called in
the circuit court."    It does not appear in the bill of exceptions
that the witness was asked to admit, deny, or explain why, on
the trial in the magistrate's court, he had not testified as he did
on the trial in the circuit court.

The point principally pressed by counsel here is, that the
arrangement between Brown and his wife was invalid, because
of § 2294 of the code, hereinbefore set out, and it is urged that
there could be no estoppel, even if the things testified to by
Brown were true, because Ainsworth gave no new considera-
tion for the security he got, which was given to secure the pay-
ment of a pre-existing debt.

We do not think the agreement between the husband and
wife falls within the condemnation of § 2294 of the code.    There
was no transfer or conveyance of goods and chattels or lands
between husband and wife, within the meaning of this section

of the code. Its purpose is to invalidate transfers and convey-
ances between husband and wife of property which is claimed
by creditors or others to be that of the spouse, who, but for
the transfer or conveyance, would be the owner. Section 2293
(a part of the same chapter) deals with the subject of renting
and hiring of lands and personalty when the ownership of the
business transacted and the profits and liabilities thereof, in-
stead of the ownership of the property by which the business
is transacted, is involved.

Nothing but the written recorded contract can be relied on in
the class of cases referred to in § 2294. But, by express pro-
vision of § 2293, the renting of land and hiring of personalty
is declared invalid "as to all persons dealing with him without
notice, unless the contract between the husband and wife which
changes this relation be evidenced by writing, subscribed by
them, duly acknowledged, and filed with the chancery clerk of
the county where such business may be done, to be recorded
as other instruments." One section of the code, as to the con-
tracts to which it relates, declares that nothing but the written
recorded contract shall avail; the other, as to those to which it
refers, declares them invalid unless written and recorded, ex-
cept as to persons with notice. The result is, that in contracts
of the one class persons with notice are bound by the contract
between the husband and the wife. In this class of cases the
doctrine of estoppel has no application, but notice alone is
sufficient to bind all persons dealing with one spouse in adverse
interest to that of the other. If, therefore, Davis, Ellis & Co.,
at the time they took their deed of trust from Brown, had
notice of the right of the wife, they are bound, not by estoppel,
but because no interest in the wife's crop could pass by the
deed of the husband.

The court properly refused to grant a new trial on the
ground of surprise. The witness, Brown, was not asked to
explain why he had not delivered the same evidence before the
magistrate as before the circuit court, and no attempt was made

to impeach him by proof that he had not.    Mr. Davis says he only heard of the facts relied on "when the case was called." No explanation is given why he did not, on the trial, appear and contradict the witness, as he should have done.

*Affirmed.*